# UDALL | SHUMWAY
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

H. Micheal Wright – Arizona Bar #004277
Lincoln M. Wright – Arizona Bar #020076
lmw@udallshumway.com

Law Offices of Gonzales & Poirier, PLLC
5 West Cherry Avenue
Flagstaff, Arizona 86001
(928) 774-5400
(928) 268-3425 Fax
Antonio J. Gonzales – Arizona Bar #023660

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| RHONDA BUSH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HEALTH AND HUMAN SERVICES, an agency of the United States of America; INDIAN HEALTH SERVICES, an agency of the United States of America,<br><br>　　　　Defendants. | NO.<br><br><br>**COMPLAINT**<br><br>**(Federal Tort Claims Act, 28 U.S.C. § 1346; Medical Malpractice – Wrongful Death)** |

　　　1.　　This Court has subject matter jurisdiction pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.

　　　2.　　The events giving rise to this lawsuit occurred in the District of Arizona and venue properly lies in the District of Arizona.

　　　3.　　Plaintiff Rhonda Bush is the mother of Tamika Day, who died on December 6, 2010 at age 19. Plaintiff brings this claim for as a survivor of Tamika

Day under A.R.S. §12-611 *et seq.*, for economic and non-economic damages she sustained as a result of Tamika Day's wrongful death.

4. Defendant United States of America is liable for all acts, omissions, and damages of their duly authorized agencies, employees, servants, and agents acting within the course and scope of their employment or agency.

5. Defendant Department of Health and Human Services ("HHS") was at all relevant times an agency of the United States government. Defendant HHS is liable for all acts, omissions, and damages of their duly authorized agencies, employees, servants, and agents acting within the course and scope of their employment or agency.

6. Defendant Indian Health Services ("IHS") was at all relevant times an agency of the United States government and a division of HHS. Defendant IHS is liable for all acts, omissions, and damages of their duly authorized agencies, employees, servants, and agents acting within the course and scope of their employment or agency.

7. On or about December 4, 2012, Plaintiff made a timely administrative tort claim to Defendants in full compliance with the FTCA, 28 U.S.C. §§ 1346, 2401, 2671-2680. Plaintiff's claim was for $25,000,000.00.

8. As of March 19, 2014, Defendants have provided no written notification to Plaintiff either accepting or rejecting her claim, and pursuant to 28 U.S.C. § 2675(a), Plaintiff has elected to consider such failure to act as a final denial of the claim.

9. At all times relevant, Defendants provided health care to citizens of the Navajo Nation, of which Tamika Day ("Tamika") was a citizen, through medical facilities including Fort Defiance Indian Hospital ("Fort Defiance") in Fort Defiance,

Arizona, and Las Vegas Paiute Tribe Health and Human Services ("Paiute") in Las Vegas, Nevada.  Upon information and belief, all those who provided health care and treatment to Tamika at Fort Defiance and Paiute were employees and/or agents of Defendants, all of whom were acting in the course and scope of their employment and/or agency.

10. At all times relevant, Defendants owed a duty to Tamika to ensure that staff at Fort Defiance and Paiute, including physicians, dentists, oral surgeons, orthodontists, nurses, nurse aides, therapists, and others, provided reasonable care to her, including appropriately assessing and diagnosing her condition and ailments, performing reasonable diagnostic tests, imaging, scans, and lab work, providing adequate monitoring, providing appropriate medication and treatment, and ensuring appropriate health care in general.

11. On November 26, 2010, Tamika sought treatment at Fort Defiance's dental clinic for removal of her wisdom teeth.  When she arrived at the dental clinic she showed obvious signs of pericoronitis, requiring treatment with antibiotics as per the standard of care.

12. Fort Defiance staff failed to provide reasonable care to Tamika, including failing to adequately examine her, failing to appropriately diagnose her condition and ailments, failing to order appropriate treatment including antibiotics, and failing to communicate with other healthcare providers and Tamika regarding her condition.

13. Fort Defiance staff's negligence, misconduct, and breach of the standard of care caused an acute bacterial infection to spread into Tamika's body, resulting in Ludwig's angina, and requiring emergent medical care, and her untimely death.

3

14. After having her wisdom teeth removed, Tamika visited Fort Defiance's medical clinic complaining of mouth pain, nausea and a gagging sensation. Blood work was taken, revealing an increased white blood cell and neutrophils count. However, this information was not disclosed to Tamika or her physicians for four days, thereby preventing Tamika from receiving appropriate and lifesaving care.

15. Again, Fort Defiance staff failed to provide reasonable care to Tamika, including failing to adequately examine her, failing to appropriately diagnose her condition and ailments, failing to order appropriate treatment including antibiotics, and failing to communicate with other healthcare providers and Tamika regarding her condition. Fort Defiance staff's negligence, misconduct, and breach of the standard of care caused Tamika to suffer infection, Ludwig's angina, and an untimely death.

16. On November 30, 2010, Tamika visited Paiute with symptoms of swelling in her neck and inability to talk or swallow. She was examined and released. Paiute staff failed to provide reasonable care to Tamika, including failing to adequately examine her, failing to appropriately diagnose her condition and ailments, failing to order appropriate treatment including antibiotics, and failing to communicate with other healthcare providers and Tamika regarding her condition. Paiute staff's negligence, misconduct, and breach of the standard of care caused Tamika to suffer infection, Ludwig's angina, and an untimely death.

17. On December 1, 2010, Tamika returned to Paiute with worsening symptoms, as the lump on her neck had enlarged. Paiute staff incorrectly diagnosed her with dry socket following wisdom tooth extraction and advised Tamika to visit an oral surgeon.

18. Again, Paiute staff failed to provide reasonable care to Tamika, including failing to adequately examine her, failing to appropriately diagnose her condition and ailments, failing to order appropriate treatment including antibiotics, and failing to communicate with other healthcare providers and Tamika regarding her condition. Pauite staff's negligence, misconduct, and breach of the standard of care caused Tamika to suffer infection, Ludwig's angina, and an untimely death.

19. On December 4, 2010, Tamika returned to Fort Defiance, where she was diagnosed with Ludwig's angina, sepsis, and airway compromise.  Fort Defiance staff attempted unsuccessfully to intubate Tamika.  Staff then decided to perform a bedside tracheostomy, during which they punctured her jugular vein, causing significant blood loss.

20. Fort Defiance staff failed to provide reasonable care to Tamika, including negligently performing the tracheostomy and failing to timely stabilize her after the procedure.  Fort Defiance staff's negligence, misconduct, and breach of the standard of care caused Tamika to sustain significant blood loss, become hypoxic and bradycardic, and caused her to expire on December 6, 2010.

21. As a proximate result of the acts and omissions by Defendants, Plaintiff Rhonda Bush suffered a loss of love, affection, companionship, care and guidance since her daughter's death, and will continue to suffer such losses in the future.

WHEREFORE, Plaintiff prays for judgment against Defendants, in a fair and reasonable amount for her injuries, her damages, her taxable costs, and for such relief as the Court deems just and appropriate.

1
2
3
4   DATED this 20th day of March, 2014.
5
6                                    UDALL SHUMWAY PLC
                                           -and-
7                          LAW OFFICES OF GONZALES & POIRIER, PLLC
8
9                                 By  /s/ H. Micheal Wright
                                      H. Micheal Wright
10                                    Antonio J. Gonzales
                                      Lincoln M. Wright
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28